## SEARS *v.* COLLINS.

(*Supreme Court of Colorado, Appeal from the Gilpin District Court—April Term, 1881.*)

CONTRACT TO PROSPECT FOR MINES ON JOINT ACCOUNT—SPECIFIC PERFORMANCE. A contract to prospect for mines on joint account will be specifically enforced; and a decree directing the conveyance to C. of an interest of one-half in a mine located by S. in his own name, upon a finding by a jury that the claim was located under the terms of an existing contract that the claim should belong to S. and C. jointly, is not erroneous.

PRACTICE—AMENDMENT OF PLEADING. It would be an improper and dangerous exercise of discretion to allow an answer to be amended by the allegation of a new and different state of facts, after finding upon issue joined.

STONE, J. Action was brought in the district court, by Collins, the appellee, against Sears, the appellant, to compel a conveyance of the undivided one-half of a mining claim called the Rough and Ready lode.

The complaint alleges that in the summer of 1878, complainant, Collins, was prospecting for mines near a place called Missouri Falls, in Gilpin county, and that on the 13th day of July, he communicated to Sears, his brother-in-law, the fact that he had found some rich float or surface ore; and that the parties

then entered into an agreement for the purpose of prospecting for and locating mines; that in consideration of the information given by Collins to Sears concerning the place where the fragments of ore had been found, Sears agreed to go there and prospect and search for lodes, and that any and all such as he might find he would locate in the joint names of the two parties, each owning an undivided one-half, and that Collins was to pay one-half of the expenses of such location and work in prospecting and developing the finds.

That under this agreement they went to the place the next day, July 14th, commenced work, and that on the next succeeding day, July 15th, while the agreement was in force, Sears discovered the lode in controversy, near where Collins had found the float ore and pointed out as the place to prospect for mines. That Sears sunk a discovery shaft on the lode, and thereupon, afterwards located and had recorded all of said lode in his own name, with intent to defraud Collins out of his share to which he was entitled under the agreement; that the mine had proved to be valuable, and that Sears had taken out and appropriated to his sole use a large amount of ore, of the value of $1,000; that complainant, Collins, had performed the agreement on his part, and had always been ready to pay the one-half of the expenses, but had not paid the same, for the reason that Sears had never made demand therefor, nor informed complainant the amount of such cost or expenses, or that there was any which he was required to pay.

The answer admits that Collins showed appellant, Sears, some rich float ore or blossom rock, which, he stated, came from the spot referred to; that on the said 14th of July the parties went to the place together, but found no more float ore in the vicinity; that appellant discovered the Rough and Ready lode; that it proved to be valuable; that he had taken out about $400 from it, and avers that the cost and expenses had equalled the amount of money extracted; denies that he ever prospected for, or discovered any lode for the joint benefit of Collins and himself; denies that any work was done under any agreement with Collins; and denies that any agreement was ever made for their joint benefit, as alleged; admits that he recorded the lode in his own name, and thereby acquired title for himself; but denies that Collins is entitled to any interest therein.

At the trial certain questions of fact, put in issue by the pleadings, were submitted to a jury under instructions of the court, and upon these questions the jury returned as their findings—

*First*—That on or about July 11, 1878, Collins discovered near Missouri Falls some rich float ore, as alleged.

*Second*—That on or about July 13, 1878, Collins and Sears entered into a contract to prospect for and locate mining lodes near Missouri Falls.

*Third*—That under said agreement, in consideration of the knowledge imparted by Collins to Sears of the place where the surface ore was found, Sears was to prospect for and locate such mines of value as he should find near the said Missouri Falls.

*Fourth*—That all the lodes discovered by Sears at and near said place, were, by the terms of the agreement between them, to be located in the names of both parties, and to be owned by them jointly.

*Fifth*—That the Rough and Ready lode was discovered by Sears near Missouri Falls during the existence of the contract, and that by the terms thereof the property was to belong to Collins and Sears jointly.

Upon the return of these special findings by the jury, the court made and entered its decree that Sears convey to Collins the undivided one-half of said Rough and Ready lode or mining claim, and that possession be given, etc., as prayed for.

Against this decree the principal objection made by the appellant is, that it was not established that appellee had complied with his part of the agreement respecting the payment of one-half the expenses of discovering and locating the mine; and it is assigned for error that after the verdict of the jury, or return of the findings as above stated, the court refused to allow appellant to amend his answer touching the "amount of money expended by him in developing the Rough and Ready lode *and other lodes*, in prospecting for lodes during the time in which it was alleged he was prospecting for himself and appellant."

We can see no good ground for this objection. There was no issue made upon this point, and no testimony was offered respecting it upon either side. The appellant sets up in his answer that the expenses equalled the total amount produced from the mine. Under the findings of the jury one-half this amount produced belonged to appellee, and since it was appropriated by appellant,

it was properly to be regarded as an application of the joint fund to such purpose, and a payment as such by appellee of his share of the expenses, and in discharge of his obligation under the agreement in this respect.

There was, therefore, no necessity for an accounting upon this point, as was asked and refused, since the testimony relating to it would presumably have been confined to that of the appellant himself, who alone, it is fair to presume, had knowledge of the matter of such expenses incurred by him, and who, it is further to be presumed, had truly disclosed this knowledge in his answer. It would have been a very questionable exercise of discretion on the part of the court to permit a defendant, after all the testimony had been heard upon the questions submitted, to amend his answer when it already covered this point. Such a practice would present too great a temptation for the defendant to change an averment in his plea, not to make it conform to the testimony already given, but to lay out new ground for testimony he would afterwards seek to give, after the findings had been rendered upon all the issues material to a recovery by the plaintiff.

The court did not err in refusing to tolerate such an abuse of the rules of practice. The errors assigned upon the finding and refusing instructions by the court, are not discussed or noticed by appellant in his brief and argument, and will not be noticed here further than to say, that we fail to perceive error in this particular.

Upon the testimony presented by the record, we regard the decree as properly and correctly made and entered, and it must be affirmed accordingly.

Mr. Justice Beck having presided as judge of the district court in the trial below, did not participate in this decision.

*Clinton Reed* and *L. C. Rockwell*, attorneys for appellant.